COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-555-CR

 

 

RAYMOND CANALES                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Raymond Canales appeals his conviction for capital murder.  After a jury found Appellant guilty, the
court sentenced him to life imprisonment because the State waived its right to
pursue the death penalty.  In a single
point, he complains that the trial court erred in overruling his objection to
his warrantless arrest.  We affirm.








FACTUAL
BACKGROUND

In
April 2002, Detective Thomas Boetcher of the Fort Worth Police Department
investigated a murder in Fort Worth. 
When he arrived at the scene, he observed the body of a Hispanic male,
who had received blunt force trauma to his head, lying dead underneath the
bridge. 

Detective
Boetcher spoke with three convenience store clerks who informed him that they
had seen the victim with a man who went by AJulio.@ Dorris West, an employee of the convenience store,
testified that he recalled that the victim came to the store with a man named AJulio@ the evening that he died.  West testified that the two men went to the
back of the store to get some beer and an argument ensued.  According to West, AJulio@ left and the victim paid for the
beer. 

Detective
Boetcher interviewed Nathan Walker, a homeless man who frequented the area and
was the first person to inform police about the body.  Walker took Detective Boetcher to an apartment and informed him
that AJulio@ could be found there. 
AJulio,@ a male matching the description given to Detective
Boetcher, answered the door and took a few steps outside.  He identified himself as Raymond Canales
(Appellant).  A woman standing behind
him at the door, who was later identified as Mary Joshua, motioned for
Detective Boetcher to come inside, which he did. 








Once
Detective Boetcher was inside, Joshua proceeded to inform him that she knew
about an assault that had occurred on the other side of the bridge.  Detective Boetcher said that Joshua was
scared and excited and told him that the man outside, Appellant, was the one
who had killed the man across the bridge. 
She gave Detective Boetcher the bloody clothing that Appellant had been
wearing and money that was still wet from Appellant=s wiping the blood off the bills with a washcloth.  At that point, Detective Boetcher placed
Appellant under arrest for capital murder. 

DISCUSSION

In
a single point, Appellant complains that the trial court erred in overruling
his objection to the warrantless arrest because the record does not support a
finding that Appellant was about to escape, as required by code of criminal
procedure article 14.04.  See Tex. Code Crim. Proc. Ann. art. 14.04
(Vernon 2005).  The State argues that
the trial court did not err in overruling his objection because the arrest was
valid under code of criminal procedure articles 14.03(a)(1) and 14.04.  See Tex.
Code Crim. Proc. Ann. arts. 14.03(a)(1), 14.04 (Vernon 2005 & Supp.
2005).








We
review a trial court=s ruling on a motion to suppress
evidence under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court=s decision, we do not engage in our own factual
review.  Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857,
861 (Tex. App.CFort Worth 2003, no pet.).  The trial judge is the sole trier of fact
and judge of the credibility of the witnesses and the weight to be given their
testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact and (2)
application‑of‑law‑to‑fact questions that turn on an
evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652‑53 (Tex. Crim. App.
2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

When
reviewing a trial court=s ruling on a mixed question of
law and fact, the court of appeals may review de novo the trial court=s application of the law of search and seizure to the
facts of the case.  Estrada, 154
S.W.3d at 607.  When there are no
explicit findings of historical fact, the evidence must be viewed in the light
most favorable to the trial court=s ruling.  Id.








We
must uphold the trial court=s ruling if it is supported by the
record and correct under any theory of law applicable to the case even if the
trial court gave the wrong reason for its ruling.  Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App.
2003), cert. denied, 541 U.S. 974 (2004); Ross, 32 S.W.3d at 856;
Romero, 800 S.W.2d at 543. 

Code
of criminal procedure article 14.04 provides:

Where it is shown by satisfactory
proof to a peace officer, upon the representation of a credible person, that a
felony has been committed, and that the offender is about to escape, so that
there is no time to procure a warrant, such peace officer may, without warrant,
pursue and arrest the accused.

 

Tex. Code Crim. Proc. Ann. art. 14.04. 
Article 14.04 will justify the arrest if the State shows the officers
had Asatisfactory proof@ that: (1) a felony had been committed (2) the appellant
was the offender and (3) the appellant was Aabout to escape.@  West v. State,
720 S.W.2d 511, 522 (Tex. Crim. App. 1986), cert. denied, 481 U.S. 1072
(1987).  Appellant does not argue that
the police lacked satisfactory proof that a felony had been committed or that
he was the perpetrator; he only contests the issue of whether Detective
Boetcher was acting upon satisfactory proof that he was about to escape.  Appellant relies upon Dowthitt v. State,
931 S.W.2d 244, 260 (Tex. Crim. App. 1996), and West, 720 S.W.2d at 522,
for this proposition.








In
determining whether Appellant was about to escape, we consider whether the
information available to the arresting officers would justify the belief that
appellant would take flight.  West,
720 S.W.2d at 517.  In West, the
lack of an act by the suspect indicating intent to escape was excused because
of the circumstances under which probable cause to arrest arose.  Id. at 517-18.  In West, police officers were called
to the scene of a murder after witnesses had reported hearing loud noises in an
apartment complex.  Id. at
512.  After discovering the victim=s body, one of the officers talked with the
witnesses.  Id.  The witnesses reported that, after
hearing the loud noises, they had seen a man, whose clothes were wet with
blood, exit the victim=s apartment.  Id. 
A woman, who believed she recognized the man described by the witnesses,
led the police to the man=s apartment.  Id. at 512‑13.  The police knocked on the door, which was
opened by the suspect=s companion.  Id. at 513.  The police saw the suspect, eight feet away, wearing only a pair
of shorts.  Id.  After ascertaining that the suspect matched
the description given by the witnesses, the police arrested him.  Id. 
The court of criminal appeals held that the warrantless arrest was
proper under article 14.04, despite the absence of any act by the suspect
tending to show an intent to escape, because the inference of the intent to
escape was reasonable.  See Dowthitt,
931 S.W.2d at 260.








In
Dowthitt, the court of criminal appeals explained that West also
requires that the circumstances be such that they would lead the officers
reasonably to believe that the suspect would take flight if given the
opportunity to do so.  Id.  The court distinguished Dowthitt from
West because the facts in Dowthitt demonstrated not only the lack
of an overt act by the appellant indicating his intent to escape, but also acts
that contradicted such an intent.  Id.  In Dowthitt, the appellant
voluntarily appeared at the police station, remained at the station for
questioning for six hours, and agreed to submit to a polygraph examination,
which lasted another four hours.  Id.  Accordingly, the warrantless arrest in Dowthitt
was held to be illegal.  Id. at
260-61.

In
both Dowthitt and West, as in the present case, police officers
undertook their investigation lawfully, the investigation led to receipt of
information establishing probable cause to arrest, and the information was
obtained in the presence of the suspect. 
Dowthitt, 931 S.W.2d at 260; West, 720 S.W2d at 518.  However, the present case is more akin to West
than Dowthitt because the facts of the present case indicate only
the lack of an overt act by Appellant indicating an intent to escape.  Compare  Dowthitt, 931 S.W.2d at 260, with West, 720
S.W.2d at 517-18. 








As
required by West, however, the facts of the present case also reveal
that it would be reasonable for the officers to conclude that, given the
opportunity, Appellant would escape.  See McAllister v. State, 933 S.W.2d 763, 767 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d) (holding that the appellant was an escape risk where he
(1) had run away from the scene, (2) was nervous and afraid, (3) was using an
alias, and (4) was a transient with no permanent residence).  Although Appellant argues that the record
makes clear that he lived in the apartment with Joshua on a frequent basis,
Detective Boetcher testified that Joshua had told him that Appellant sleeps
under bridges and that he did not live with her.  He also testified that he knew that Appellant was a transient who
had no home address and he did not know where he would be able to find
Appellant in the future. 

Applying
the proper deference to the trial court=s application of the law to the
facts of the present case and viewing the evidence in the light most favorable
to the trial court=s ruling, we hold that it was
reasonable, based on those facts, for Detective Boetcher to believe that
Appellant would take flight if he had attempted to procure a warrant prior to
arresting Appellant.  Thus, the trial
court did not err in overruling Appellant=s objection to the warrantless
arrest.  We overrule Appellant=s sole point.

 

 

 








CONCLUSION

Having
overruled Appellant=s sole point, we affirm the trial
court=s judgment.

PER CURIAM

 

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  March 23, 2006











[1]See Tex. R.
App. P. 47.4.